# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GARY and ANN-MARIE CUPPELS,    :
*et al.,* individually and on behalf of all
others similarly situated,    : C.A. No. S18C-06-009 CAK

       Plaintiffs,    :

   v.    :

MOUNTAIRE CORPORATION, *et al.,*    :

       Defendants.    :

Submitted: October 26, 2020
Decided:    November 16, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Defendants' Application for Certification of an Interlocutory Appeal*

## DENIED

Chase T. Brockstedt, Esquire, Stephen A. Spence, Esquire, Baird Mandalas Brockstedt, 1413 Savannah Road, Ste. 1, Lewes, Delaware 19958, Attorneys for Plaintiffs.

Philip C. Federico, Esquire, Brent Ceryes, Esquire, Schochor, Federico and Staton, P.A., 1211 Paul Street, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

F. Michael Parkowski, Esquire, Michael W. Teichman, Esquire, Elio Battista, Jr., Esquire, Parkowski, Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, Delaware 19801, Attorneys for Defendants.

Lisa C. McLaughlin, Esquire, Todd L. Goodman, Esquire, John C. Phillips, Jr., Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806, Attorneys for Defendants.

James R. Wedeking, Esquire, Timothy K. Webster, Esquire, Gordon D. Todd, Esquire; Erika L. Maley, Esquire; Daniel J. Hay, Esquire, Sidley Austin, LLP, 1501 K Street, N.W. Washington, DC 20005, Attorney for Defendants.

**KARSNITZ J.**

Cuppels' and other Plaintiffs' claims against the Mountaire defendants ("Defendants") are likely the most intensely litigated in the Superior Court in and for Sussex County. This is a case which includes substantial monetary claims, many plaintiffs and multiple defendants. I have already written numerous opinions on various issues and will not repeat the history of the case except as pertinent to resolve the pending motion to certify an interlocutory appeal to the Delaware Supreme Court.

The Amended Complaint in the case contains claims which are purely legal and for which Plaintiffs have a constitutional right to trial by jury. It also contains a claim for punitive damages which Plaintiffs contend is substantial. Plaintiffs also make claims which sound suspiciously like claims for equitable relief, an area of Delaware law which is reserved for our Court of Chancery. Defendants assert Plaintiffs' counts sounding in nuisance, trespass and unjust enrichment belong in the Court of Chancery.

Unfortunately, Defendants filed their motion to dismiss on jurisdictional grounds[1] after two years of litigation, and after a full trial schedule including a six week trial had been in place for almost nine months. After full briefing, I held argument on the motion on September 11, 2020. At the conclusion

---

[1] A motion filed pursuant to Super. Ct. R. 12(b)(2).

3

of the argument, I orally rendered my decision denying the motion. I did so for the reasons I articulated.

At the oral argument the parties agreed that the jurisdictionally challenged claims could be either legal or equitable claims depending upon the circumstances presented in a particular case. I specifically asked Defendants' counsel whether the claims presented could be one or the other. The answer was yes.

The substance of my ruling was not to accept jurisdiction over equitable claims. I specifically and emphatically stated I would not be entertaining claims for equitable relief.[2] But I thought, and still think, the record needs further development to determine what claims are properly before the Court. I also said that I would entertain Defendants' motion to dismiss, subject to transfer to the Court of Chancery, at a later date. We discussed at oral argument revisiting the issue at the close of discovery. I incorrectly thought I had put the issue to rest for the time being.

Defendants did not file either a motion to reargue my decision or an application to certify an interlocutory appeal. What defendants did do is write to

---

[2]Plaintiffs asked me to request temporary assignment as a Vice Chancellor to litigate any equitable claims. I declined.

4

me seeking clarification that my denial of the jurisdictional motion was without prejudice and that they could renew it in the future. To me the question was unnecessary, as it had been specifically addressed and resolved at oral argument. In any event, I answered by letter of October 6, 2020, in which I reiterated that the jurisdictional issue could be, and would be, revisited in the future. I also reiterated that I intended to honor Delaware's traditional separation of law and equity.

Defendants renewed their motion to dismiss equitable claims on October 9, 2020. According to Defendants, Plaintiffs have filed expert witness disclosures which show Plaintiffs' claims are equitable, requiring dismissal. I reviewed Defendants' filing and determined it did not change the landscape of the case, the equitable legal divide was still muddled, and I denied the motion by opinion and order dated October 14, 2020. It is that order from which Defendants now seek certification for interlocutory appeal.

Delaware Supreme Court Rule 42 sets the standards for interlocutory appeals. I have reviewed applicable standards, and I find as a general matter that none of the standards are met.[3]

In my view, Defendants mischaracterized my ruling. I did not

---

[3]A legitimate argument exists that Defendants' application is untimely. However, I do not decide the application on that basis.

"sustain controverted jurisdiction".[4] Rather, I deferred ruling on the jurisdictional issue until the record is clear in the context of Defendants' agreement at oral argument that the record was not clear. Coupled with claims over which I have jurisdiction, this course of action was both appropriate and in accordance with applicable law.

Rule 42 has a threshold requirement that an interlocutory order must decide " a substantial issue of material importance".[5] The order from which appeal is sought does no such thing. It merely defers resolution until the facts and law clearly show the correct path.

Defendants point to only two in the list of eight factors which they say should allow the appeal:

(1)　The order sustains controverted jurisdiction.[6]

(2)　Review of the order may serve considerations of justice.[7]

Neither factor applies. The order does not sustain controverted jurisdiction, it merely defers the decision. Inerlocutory appeal at this stage would place the entire

---

[4]See Supr. Ct. R. 42(b)(iii)(D).

[5]Supr. Ct. R. 42(b)(i).

[6]Supr. Ct. R. 42(b)(iii) (D).

[7]Supr. Ct. R. 42(b)(iii)(H).

schedule in jeopardy and delay resolution of the case. Thus review of the order does not, in my view, serve the considerations of justice.

Interlocutory appeals are the exception not the norm.[8] The Rule directs me to assess if an interlocutory appeal would be the most efficient and just way to resolve the case. In my view, the opposite is the case. Interlocutory appeal at this point would significantly delay resolution of legal claims over which I have jurisdiction. An appeal at this point would not terminate the litigation[9] and it would certainly not serve considerations of justice.[10]

Defendants raise legitimate jurisdictional claims. I have repeatedly said I will resolve them in due course. Litigation steps in this Court will be transferrable to any litigation in the Court of Chancery. Nothing will be lost and no one will be prejudiced. On the other hand, Plaintiffs would suffer serious prejudice from delay.

To me all of what I have outlined here is apparent and obvious. Defendants face serious, enormous claims. They have a right to litigate them fully, and in accordance with law. I have addressed this jurisdictional issue twice

---

[8]Supr. Ct. R. 42(b)(ii).

[9]Supr. Ct. R. 42(b)(iii) (G).

[10]Supr. Ct. R. 42(b)(iii)(H).

7

in the space of two months. I intend to address it again on a full record, a position I have made clear. Defendants' actions exhibit a flavor of delay for delay's sake.

I deny Defendants' application to certify my order for an interlocutory appeal.

**IT IS SO ORDERED**

_____
Craig A. Karsnitz

FILED PROTHONOTARY
SUSSEX COUNTY
2020 NOV 16 P 12: 13